IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BRIAN FRANK GUERRY, | ) | 8:15CV323 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| SCOTT FRAKES, BRIAN GAGE, | ) | |
| KEITH BROADFOOT, R HOLLY, | ) | |
| GUIFFE, THOMPSON, and | ) | |
| NEBRASKA DEPARTMENT OF | ) | |
| CORRECTIONS AGENCY, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on initial review of Plaintiff Brian Guerry's Complaint. (Filing No. 1.) For the reasons discussed below, the court will allow this case to proceed to service of process against Defendants Scott Frakes, Brian Gage, and the individuals identified as Guiffe and Thompson.

## I. SUMMARY OF COMPLAINT

Guerry brings this case against six prison officials under 42 U.S.C. § 1983 for violations of his constitutional rights. Guerry also alleges state-law negligence claims against the prison-official defendants.

Guerry alleged he resided in the protective custody unit of the Tecumseh State Correctional Institution ("TSCI") on May 10, 2015; specifically, he resided in housing unit 2C, cell 1 ("cell 2-C-1"). Guerry claims he resided in the protective custody unit because he is a sex offender and fears violence at the hands of gangs within general population.

At approximately 4:00 p.m. on this date, Guerry began to suffer from smoke inhalation. He called officers in the unit's "control bubble" for help. At this time, the control bubble was staffed by three jail officials, including Defendants Guiffe and Thompson. Guerry alleged Guiffe and Thompson remotely opened some cell doors in the unit, but not others. Guerry's cell door was among those opened. (Filing No. 1 at CM/ECF p. 4.)

Guerry exited his cell and called out for help, but Guiffe and Thompson were no longer in the control bubble. (Filing No. 1 at CM/ECF p. 4.) He proceeded to go to the "small yard," where prison staff had instructed protective-custody inmates to go during a fire, but the door to the small yard was locked. Instead, Guiffe and Thompson had unlocked the door to the "Bigger fence in area yard," which allowed general-population inmates to enter the unit. (Filing No. 1 at CM/ECF p. 5.) For the next nine or so hours, general population inmates entered the protective-custody unit, harassed protective-custody inmates, and started fires. During this time, Guerry and ten other inmates locked themselves into a cell. Guerry alleged he suffered approximately 10 hours of smoke inhalation. (Filing No. 1 at CM/ECF pp. 6-7.) Law enforcement arrived at approximately 2:00 a.m. the following morning and provided assistance. (Filing No. 1 at CM/ECF p. 7.)

Guerry alleged prison staff returned him to cell 2-C-1 immediately, and did not treat him for smoke inhalation. Following the prison riot, Guerry "ask[ed] for days to be seen by medical," but he was advised there would be no inmate movement. Finally, on June 3, 2015, Guerry received medical attention. (Filing No. 1 at CM/ECF p. 7.)

Guerry complains he suffered from various injuries as a result of the prison riot. He alleges his injuries were a result of Frakes' and Gage's negligence, deliberate indifference, and failure to train Guiffe and Thompson. In addition, he alleges Guiffe and Thompson were deliberately indifferent to a known risk of serious harm when they abandoned their post in the control bubble during the riot. Guerry seeks

declaratory, injunctive, and monetary relief in this matter. (Filing No. 1 at CM/ECF pp. 13-16.)

## II. STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected

3

by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

## III. DISCUSSION

The court must consider whether Guerry has stated plausible claims for relief against Defendants. Guerry's constitutional claims are based on alleged violations of his Eighth Amendment rights.

> The Eighth Amendment to the United States Constitution proscribes the infliction of "cruel and unusual punishments." The Supreme Court counsels that this amendment imposes upon prison officials the duty to "provide humane conditions of confinement." That duty, among other things, requires those officials to take reasonable measures to "protect prisoners from violence at the hands of other prisoners." The Eighth Amendment imposes this duty because being subjected to violent assaults is not "part of the penalty that criminal offenders pay for their offenses."
>
> In order to prevail on an Eighth Amendment failure-to-protect claim, [an inmate] must make two showings. First, [the inmate] must demonstrate that [he or she is] "incarcerated under conditions posing a substantial risk of serious harm." The second requirement concerns the state of mind of the prison official who is being sued. It mandates that the [inmate] show that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." This subjective requirement is necessary because "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment."

*Jensen v. Clarke*, 73 F.3d 808, 810 (8th Cir. 1996) (citing *Farmer v. Brennan*, 511 U.S. 825 (1994) (other citations omitted).

At this stage in the proceedings, and after careful review of Guerry's Complaint, the court finds Guerry has stated plausible claims for relief against Guiffe, Thompson, Frakes, and Gage. Guerry alleged Guiffe and Thompson were working in the protective-custody unit on the date of the riot. Further, the court can infer from Guerry's allegations that Frakes and Gage, as prison director and warden, were responsible for the safety and security of the prison on the date of the riot. While Guerry did not specifically allege any personal involvement by Frakes and Gage, such is the nature of his allegations. That is, these defendants were responsible for Guerry's safety and security on the date in question. His allegations that they waited nine to ten hours to come to his assistance in the face of fires and rioting prisoners are sufficient to state plausible claims for relief at this juncture of the case.

Guerry has not stated plausible claims for relief against Keith Broadfoot or the individual he identified as R Holly. Guerry alleged Broadfoot is a unit manager and Holly is a case manager. He did not allege these individuals were working on the day of the riot or that they had any responsibility whatsoever for his safety and security on the day of the riot. Therefore, the court will dismiss Guerry's claims against Broadfoot and Holly.

### IV. MOTION TO APPOINT COUNSEL

Guerry has filed a Motion to Appoint Counsel (Filing No. 5.) The court cannot routinely appoint counsel in civil cases. In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel. The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel[.]" *Id.* (internal citation and quotation marks omitted). No such benefit is apparent here at this time. Thus, the request for the appointment of counsel will be denied without prejudice to reassertion.

IT IS THEREFORE ORDERED that:

1. Guerry's claims against Keith Broadfoot and R Holly are dismissed in their entirety.

2. This matter may proceed to service of process as to Guerry's Eighth Amendment claims against Scott Frakes, Brian Gage, Guiffe, and Thompson. Guerry's state-law claims against these Defendants may also proceed to service of process; though, at this time, the court makes no finding with respect to its jurisdiction over these claims or whether they state a claim on which relief may be granted.

3. The clerk of the court is directed to send to Guerry a copy of the Complaint, a copy of this Memorandum and Order, and 8 summons forms and 8 USM 285 Forms for service on Scott Frakes, Brian Gage, Guiffe, and Thompson in their individual capacities and official capacities. (See attached Notice Regarding Service.)

[Federal Rule of Civil Procedure 4(m)](#) requires service of the complaint on a defendant within 90 days of filing the complaint. However, Guerry is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process. (*See* this court's General Order No. 2015-06.)

4. If requested to do so in this matter, the United States Marshal will serve all process in this case without prepayment of fees from Guerry. In making such a request, Guerry must complete the USM 285 forms to be submitted to the clerk of the court with the completed summons forms. Without these documents, the United States Marshal will not serve process. Upon receipt of the completed forms, the clerk of the court will sign the summons forms and forward them to the United States Marshal for service on the defendants, together with a copy of the Complaint.

5. The clerk of the court is directed to set the following pro se case management deadline: April 5, 2016: check for completion of service of process.

6. Guerry's Motion to Appoint Counsel (Filing No. [5](#)) is denied.

DATED this 22nd day of February, 2016.

> BY THE COURT:
>
> s/ *Richard G. Kopf*
> Senior United States District Judge

# Notice Regarding Federal Rule of Civil Procedure 4

Federal Rule of Civil Procedure 4 requires that a defendant be served with the complaint and a summons. This is to make sure that the party you are suing has notice of the lawsuit. Federal Rule of Civil Procedure 4(e) governs service of process on an individual (i.e., your individual capacity claims). Federal Rule of Civil Procedure 4(j) governs service of process on a state (i.e., your official capacity claims).

In this case, Rule 4(e) and (j) mean copies of the summons and complaint must be served on: (1) Defendants individually; and also (2) the Nebraska Attorney General's Office or the chief executive officer for the State of Nebraska.

You may ask the United States Marshal to serve process, as described in the court's order, because you are proceeding in forma pauperis.