IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BRIAN FRANK GUERRY, | ) | 8:15CV323 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| SCOTT FRAKES, BRIAN GAGE, | ) | |
| KEITH BROADFOOT, R HOLLY, | ) | |
| GUIFFE, THOMPSON, and | ) | |
| NEBRASKA DEPARTMENT OF | ) | |
| CORRECTIONS AGENCY, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Defendants' Motion to Dismiss. (Filing No. 24.) For the reasons discussed below, Defendants' Motion will be granted, in part.

## I. BACKGROUND

Plaintiff brought this case against the "Nebraska Department of Corrections Agency" ("Department"), as well as several prison officials for alleged violations of his constitutional rights. In his Complaint, Plaintiff also alleges state-law negligence claims against the prison-official defendants. The prison officials are sued in their official and individual capacities.

Plaintiff alleges he resided in the protective custody unit of the Tecumseh State Correctional Institution ("TSCI") on May 10, 2015. Plaintiff claims he resided in the protective custody unit because he is a sex offender and fears violence at the hands of gangs within general population.

At approximately 4:00 p.m. on this date, Plaintiff began to suffer from smoke inhalation. He called officers in the unit's "control bubble" for help. At this time, the control bubble was staffed by three jail officials, including Defendants Guiffe and

Thompson. Plaintiff alleged Guiffe and Thompson remotely opened some cell doors in the unit, but not others. Plaintiff's cell door was among those opened. (Filing No. 1 at CM/ECF p. 4.)

Plaintiff exited his cell and called out for help, but Guiffe and Thompson were no longer in the control bubble. (Filing No. 1 at CM/ECF p. 4.) He proceeded to go to the "small yard," where prison staff had instructed protective-custody inmates to go during a fire, but the door to the small yard was locked. Instead, Guiffe and Thompson had unlocked the door to the "Bigger fence in area yard," which allowed general-population inmates to enter the unit. (Filing No. 1 at CM/ECF p. 5.) For the next nine or so hours, general population inmates entered the protective-custody unit, harassed protective-custody inmates, and started fires. During this time, Plaintiff and ten other inmates locked themselves into a cell. Plaintiff alleged he suffered approximately 10 hours of smoke inhalation. (Filing No. 1 at CM/ECF pp. 6-7.) Law enforcement arrived at approximately 2:00 a.m. the following morning and provided assistance. (Filing No. 1 at CM/ECF p. 7.)

Plaintiff alleges prison staff immediately returned him to his cell, and did not treat him for smoke inhalation. Following the prison riot, Plaintiff "ask[ed] for days to be seen by medical," but he was advised there would be no inmate movement. Finally, on June 3, 2015, Plaintiff received medical attention. (Filing No. 1 at CM/ECF p. 7.)

Plaintiff complains he suffered various injuries as a result of the prison riot. He alleges his injuries were a result of Frakes and Gage's negligence, deliberate indifference, and failure to train Guiffe and Thompson. In addition, he alleges Guiffe and Thompson were deliberately indifferent to a known risk of serious harm when they abandoned their post in the control bubble during the riot. Plaintiff seeks declaratory, injunctive, and monetary relief in this matter. (Filing No. 1 at CM/ECF pp. 13-16.)

On February 22, 2016, the court conducted an initial review of the Complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A. (Filing No. 13.) The court concluded that Plaintiff had stated plausible Eighth Amendment failure-to-protect claims against Guiffre, Thompson, Frakes, and Gage. The court allowed those claims and Plaintiff's state law negligence claims to proceed to service of process on these Defendants in their individual and official capacities.

## II. DISCUSSION

Defendants have moved to dismiss this case pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face in order to survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible when a plaintiff pleads facts that allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Pro se complaints "must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014) (internal quotation marks and citations omitted).

To state a claim under § 1983, Plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff alleges that Defendants violated his Eighth Amendment rights by failing to protect him during a prison riot.

### 1. State Law Claims

Plaintiff's state law claims against the prison officials in their individual capacities must be dismissed. Plaintiff's claims are based on conduct by prison officials during the course and scope of their employment. Therefore, Plaintiff is limited to asserting state law claims against them in their official capacities under the

3

Nebraska State Tort Claims Act, Neb. Rev. Stat. §§ 81-8,209, *et seq*. See *Bohl v. Buffalo County*, 251 Neb. 492, 557 N.W.2d 668 (1997) (holding that if off-duty police officer was acting within the scope of his employment, the Tort Claims Act would apply and bar a suit against the officer in his individual capacity). Accordingly, all state law claims against prison officials in their individual capacities will be dismissed with prejudice.

Plaintiff's state law claims against the Department[1] and the prison officials in their official capacities will likewise be dismissed. Although the State of Nebraska is not a named defendant in this suit, Plaintiff's state law claims against the Department and the prison officials in their official capacities are, in reality, against the State of Nebraska. See *Parrish v. Luckie*, 963 F.2d 201, 203 n.1 (8th Cir. 1992) ("Suits against persons in their official capacity are just another method of filing suit against the entity. A plaintiff seeking damages in an official-capacity suit is seeking a judgment against the entity") (internal citations omitted)). Absent consent, the Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities, and an employee of a state sued in the employee's official capacity. *See, e.g., Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995).

Although the Nebraska Legislature has waived sovereign immunity for certain kinds of tort against the State of Nebraska and its agencies, this waiver does not extend to actions maintained in federal court. *Miller v. Nebraska Department of Correctional Services*, No. 4:04CV3228, 2005 WL 3072198, at *1 (D. Neb. Nov. 15, 2015). Therefore, Plaintiff's state law claims against the Department and prison officials in their official capacities will be dismissed without prejudice to Plaintiff's ability to pursue them in state court.

---

[1] On initial review, the court did not state that Plaintiff's claims against the Department could proceed to service of process. However, the court will still address Plaintiff's claims against the Department in this Memorandum and Order.

### 2.  Eighth Amendment Claims

Plaintiff's Eighth Amendment claims against the Department and official capacity claims will also be dismissed. As noted above, such claims are, in reality, claims against the State of Nebraska, which are barred by the Eleventh Amendment.

Additionally, Plaintiff's claims for declaratory and injunctive relief will be dismissed as moot. Plaintiff's Complaint alleges unconstitutional conditions at TSCI and seeks an injunction ordering that Plaintiff be moved to work release for his entire sentence and that he be permitted to use his car to attend sex offender treatment. Plaintiff no longer resides at TSCI and is now confined at the Omaha Correctional Center. Therefore, any request for injunctive or declaratory relief stemming from his confinement at TSCI is moot. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) ("[A] prisoner's claim for injunctive relief to improve prison conditions is moot if he or she is no longer subject to those conditions").

Defendants urge the court to dismiss Plaintiff's Eighth Amendment claims against Defendant Frakes in his individual capacity. The court declines to do so at this time. The court can infer from Plaintiff's allegations that Frakes, as prison director, was responsible for the safety and security of the prison on the date of the riot. While Plaintiff did not specifically allege any personal involvement by Frakes, such is the nature of his allegations. That is, Frakes was responsible for Plaintiff's safety and security on the date in question. Accepting these allegations as true, Plaintiff has sufficiently stated a claim.

IT IS THEREFORE ORDERED:

1.  Defendants' Motion to Dismiss (Filing No. 24) is granted, in part, as follows:

    (a)  Plaintiff's claims against the Nebraska Department of Corrections

        Agency are dismissed in their entirety;

(b)     Plaintiff's state law claims against the prison officials in their official capacities are dismissed without prejudice to reassertion in state court;

(c)     Plaintiff's state law claims against the prison officials in their individual capacities are dismissed with prejudice;

(d)     Plaintiff's Eighth Amendment claims against the prison officials in their official capacities are dismissed with prejudice; and

(e)     Plaintiff's claims for declaratory and injunctive relief against all Defendants are dismissed.

2.     Plaintiff's "Objection to Dismiss" (Filing No. 29) and "Objection to Defendants' Motion" (Filing No. 31) are denied as moot.

3.     Plaintiff's Eighth Amendment claims for monetary relief against Defendants Frakes, Gage, Guiffe, and Thompson in their individual capacities may proceed. These Defendants shall answer Plaintiff's Complaint within fourteen days of this order. Thereafter, a progression order will be entered in this case.

4.     The clerk of court is directed to set a pro se case management deadline in this case using the following text: September 30, 2016: check for answer and issue progression order.

DATED this 15th day of September, 2016.

                                  BY THE COURT:

                                  s/ *Richard G. Kopf*
                                  Senior United States District Judge