IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BRIAN FRANK GUERRY,<br><br>　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>SCOTT FRAKES, Director; BRIAN GAGE, Warden; GUIFFE, Case Worker; and THOMPSON, Case Worker;<br><br>　　　　　　　　Defendants. | 8:15CV323<br><br>**MEMORANDUM AND ORDER** |

　　This matter is before the court on Defendants' Motion to Stay Discovery and All Case Progression. (Filing No. 61.) Defendants request that all discovery and progression deadlines in this case be stayed until after the court rules on their anticipated motion for summary judgment in which they intend to claim qualified immunity. Plaintiff has filed several discovery requests. (*See* Filing Nos. 47, 48, 49, 58, 59, 60.) Defendants seek to strike them from the court file.

　　The doctrine of qualified immunity is designed to protect state actors from monetary damages and the costs associated with litigation, such as discovery. *Harlow v. Fitzgerald*, 457 U.S. 800, 817-18 (1982). Qualified immunity is "*an immunity from suit* rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (emphasis in original). Thus, where qualified immunity is asserted as a defense, it is within the discretion of the court to stay discovery until the issue of qualified immunity is resolved. *See Ballard v. Heineman*, 548 F.3d 1132, 1136-37 (8th Cir. 2008).

IT IS THEREFORE ORDERED that:

1. Defendants' Motion to Stay Discovery and All Case Progression (Filing No. 61) is granted. All discovery and progression deadlines in this case are hereby stayed. An amended progression order will be entered, if necessary, following a ruling on Defendants' motion for summary judgment. Defendants are not required to respond to any outstanding discovery requests, and Plaintiff is not authorized to serve any additional discovery requests, unless and until the court enters an order lifting the stay. Plaintiff, however, is not prohibited from filing a properly supported motion to obtain court approval to conduct limited discovery regarding issues raised by Defendants once they file their anticipated motion for summary judgment. *See* Federal Rule of Civil Procedure 56(d).

2. The clerk's office is directed to strike Plaintiff's discovery requests (*See* Filing Nos. 47, 48, 49, 58, 59, 60) from the court file. Plaintiff is not prohibited from filing such requests, if necessary, following a ruling on Defendants' motion for summary judgment.

3. The pretrial conference set to take place before Magistrate Judge Zwart on September 8, 2017, is cancelled.

Dated this 27th day of March, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge